**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MITCHELL J. DAVIS, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>      v.<br><br>COLE HAAN LLC, a Delaware limited liability company,<br><br>                Defendant. | Case No. 2:26-cv-02463<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[King County Superior Court, Case No. 26-2-18797-5 SEA] |

TO:       THE CLERK OF COURT

AND TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant Cole Haan LLC ("Cole Haan" or "Defendant") hereby removes the above-captioned case from the Superior Court of the State of Washington, County of King, Case No. 26-2-18797-5 SEA (the "State Court Action") to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. As grounds for removal, Cole Haan respectfully states the following:

## I.    INTRODUCTION

1.     Removal of the State Court Action to this Court is proper under 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). The State Court Action is a civil action in which the alleged amount in controversy exceeds $5,000,000, exclusive of costs and interest; is alleged to include more than 100 members in the proposed putative class; and is between citizens of different states.

NOTICE OF REMOVAL TO FEDERAL COURT – 1
Case No. 2:26-cv-02463

## II.    BACKGROUND

2.    On June 10, 2026, Plaintiff Mitchell J. Davis ("Plaintiff"), individually and on behalf of all others similarly situated, filed the State Court Action in the Superior Court of the State of Washington for King County. Cole Haan was served with the Complaint on June 12, 2026. Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 101(b), a copy of the Complaint, a copy of Plaintiff's Jury Demand, a completed Civil Cover Sheet, and copies of all additional records and proceedings in the State Court Action, together with defense counsel's verification that they are true and complete copies of all the records and proceedings in the State Court Action, are filed contemporaneously with this Notice of Removal to Federal Court ("Notice of Removal").

3.    Plaintiff contends that Cole Haan violated the Commercial Electronic Mail Act, Ch. 19.190 RCW ("CEMA"), and the Washington Consumer Protection Act, Ch. 19.86 RCW ("CPA"), by "misrepresent[ing] the end dates for the promotions, tricking consumers into thinking the promotion would end earlier than Defendant planned them to," which consumers "depend[ed] on in making consumer purchasing decisions." Compl. ¶¶ 14, 16, 60.

4.    Nothing in this Notice of Removal should be interpreted as a concession or admission of any of Plaintiff's theories of liability, legal arguments, class allegations, or damages—all of which Cole Haan expressly denies—or as a waiver of any of Cole Haan's rights or defenses. Cole Haan reserves the right to supplement and amend this Notice of Removal.

## III.    GROUNDS FOR REMOVAL

### A.    *The Requirements for Removal Under CAFA*

5.    Under CAFA, a federal district court has original jurisdiction over any putative class action in which (i) there are at least 100 members in the proposed putative class; (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (iii) "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

6.    In *Dart Cherokee Basic Operating Co. v. Owens*, the United States Supreme Court clarified the standards for removal under CAFA in two key ways. First, the Supreme Court held

BALLARD SPAHR LLP
71 STEVENSON ST., SUITE 400
SAN FRANCISCO, CA 94105
415.318.2770 Fax: 424.731.8301

that courts must apply the same liberal rules to removal allegations as to other matters of pleading. 574 U.S. 81, 87 (2014). Second, the Supreme Court held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* at 89 (citation modified).

7.    Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 *broadly in favor of removal*." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively"). Indeed, in *Bridewell-Sledge v. Blue Cross of Cal.*, the Ninth Circuit held that the district court erred under *Dart Cherokee* "in its remand orders by applying a strong presumption against removal jurisdiction." 798 F.3d 923, 929 (9th Cir. 2015) (citation modified).

**B.    *The Requirements for Removal Under CAFA Are Satisfied***

8.    This action meets each of CAFA's requirements, and it may therefore be removed to this Court. 28 U.S.C. § 1441(a) ("any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant").

**a.    *This is Styled as a Class Action Complaint***

9.    *Putative Class Action.* A lawsuit is a class action if it is filed "under rule 23 of the Federal Rules of Civil Procedure or similar State statute, or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint is styled as a "Class Action Complaint," and the State Court Action is brought under Washington Civil Rule 23, which is modeled after Federal Rule 23. Plaintiff also seeks to act in a representative capacity on behalf of a class.

**b.    *Minimum Diversity Exists***

10.    Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

BALLARD SPAHR LLP
71 STEVENSON ST., SUITE 400
SAN FRANCISCO, CA 94105
415.318.2770 FAX: 424.731.8301

"[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

11. *Defendant's Citizenship*. Limited liability companies are "unincorporated associations" for purposes of CAFA. *See Goddard v. Jubilant Hollisterstier, LLC*, No. 2:23-CV-0004-TOR, 2023 WL 3020494, at *2 (E.D. Wash. Apr. 20, 2023) *citing Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021) (collecting cases). "[A]n unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). *Id.* When Plaintiff commenced the State Court Action, Cole Haan was a limited liability company organized under the laws of Delaware with its principal place of business in New Hampshire. Compl. ¶ 7. Cole Haan therefore is a citizen of Delaware and New Hampshire.

12. *Plaintiff's Citizenship*. A person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). The Complaint alleges that Plaintiff is a resident of Benton County, Washington. Compl. ¶ 6. Plaintiff also seeks to certify a proposed class of "[a]ll Washington residents who, within four years before the date of the filing of this action until the date of trial, received an email from or at the behest of Defendant that contained a subject line that (a) states or implies that a particular promotion will be available for a specified period of time when the actual period for the sale is longer, or (b) states that the time period for a promotion has been extended when Defendant previously intended for the sale to continue to that date." *Id.* ¶ 39. Plaintiff and the putative class members therefore are citizens of Washington.

13. Because Cole Haan is a citizen of Delaware and New Hampshire, and Plaintiff and the putative class members are citizens of Washington, CAFA's diversity requirement is satisfied.

**c.     *The Proposed Class Includes at Least 100 Members***

14. Plaintiff seeks to certify a proposed class of, *inter alia*, "[a]ll Washington residents who, within four years before the date of the filing of this action until the date of trial, received an

BALLARD SPAHR LLP
71 STEVENSON ST., SUITE 400
SAN FRANCISCO, CA 94105
415.318.2770 Fax: 424.731.8301

email from or at the behest of Defendant that contained a subject line that (a) states or implies that a particular promotion will be available for a specified period of time when the actual period for the sale is longer, or (b) states that the time period for a promotion has been extended when Defendant previously intended for the sale to continue to that date." Compl. ¶ 39.

15.     Plaintiff further alleges that the "Class is *so numerous* that joinder of all members is impractical" because "the Class has *thousands* of members." *Id.* ¶¶ 41–42 (emphasis added). Thus, the putative class, as defined by Plaintiff's Complaint, exceeds 100 members.

### d.     *The Amount in Controversy Exceeds $5 Million*

16.     The Supreme Court clarified in 2014 that a notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include evidentiary submissions. *Dart Cherokee*, 574 U.S. at 87 ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (quoting *Dart Cherokee*).

17.     Thus, a defendant's amount in controversy allegation should be accepted when not contested by a plaintiff or questioned by the court. *Dart Cherokee*, 574 U.S. at 87. If a plaintiff does contest the allegation, both sides must submit proof and the court will decide, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied. *Id.* at 88–89; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions") (quoting *Dart Cherokee*); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same); Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id*. § 2:3435, at 2D-172–173

NOTICE OF REMOVAL TO FEDERAL COURT – 5
Case No. 2:26-cv-02463

BALLARD SPAHR LLP
71 STEVENSON ST., SUITE 400
SAN FRANCISCO, CA 94105
415.318.2770 FAX: 424.731.8301

("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"). Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

18.     For the purposes of determining whether CAFA's amount-in-controversy requirement is met, "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability" or a concession of liability. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In other words, the amount in controversy is the "amount at stake in the underlying litigation," *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016), where "'amount at stake' does not mean [defendants'] likely or probable liability," but rather their "*possible* liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. July 14, 2020) (emphasis added); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("the amount in controversy is not a prospective assessment of a defendant's liability," but rather the amount potentially "at stake"). Thus, where the complaint's allegations put punitive damages at play, "a defendant satisfies the amount-in-controversy requirement under CAFA if it is reasonably possible that it *may* be liable for the proffered punitive damages amount." *Greene*, 965 F.3d at 769 (emphasis added). The assessment of possible damages for purposes of removal "may require a chain of reasoning that includes assumptions," if they have "some reasonable ground underlying them." *Id.* at 772 (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). There is no requirement that a defendant seeking removal under CAFA prove the amount in controversy "to a legal certainty." *Rodriguez v. AT&T Mobility Svcs.*, 728 F.3d 975, 976–77 (9th Cir. 2013).

BALLARD SPAHR LLP
71 STEVENSON ST., SUITE 400
SAN FRANCISCO, CA 94105
415.318.2770 FAX: 424.731.8301

Rather, the amount in controversy is subject to a "preponderance of the evidence" standard. *Id.*[1]

19.     Again, Cole Haan denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint and does not waive any defense with respect to any of Plaintiff's claims. Nevertheless, Cole Haan has calculated the amount in controversy for purposes of this notice by taking Plaintiff's allegations in the Complaint at face value and aggregating claims of alleged individual class members under 28 U.S.C. § 1332(d)(6). Plaintiff's allegations place the amount in controversy on Plaintiff's action well above $5,000,000, exclusive of interest and costs.

20.     Plaintiff seeks $500 in statutory damages per violation, which he claims means $500 per email, per recipient. Compl. ¶¶ 72, Prayer for Relief (F).

21.     Plaintiff further claims Cole Haan has a "frequent" "pattern and practice" of sending emails with allegedly false subject lines to Washington residents (*id.* ¶¶ 2, 21, 73), and identifies 25 examples of emails transmitted by Cole Haan allegedly "following this pattern" (*id.* ¶ 18). Plaintiff alleges that he has received "thousands" of marketing emails from Cole Haan since December 2021, "typically . . . on a daily basis" including "multiple emails a day" during peak shopping periods (*id.* ¶¶ 34–35), and defines the Proposed Class extending "four years before the date of the filing of this action until the date of trial" (*id.* ¶ 39).

22.     Based on Plaintiff's allegations that the class is "so numerous" and "the Class has thousands of members" (Compl. ¶¶ 41–42) (i.e. at least 2,000 individuals), the amount in controversy is easily satisfied. Indeed, Plaintiff identified 25 "examples" of allegedly violative emails that Defendant allegedly sent to Plaintiff and members of the Proposed Class within the last four years (25 emails x $500 damages/per email = $12,500). Compl. ¶ 18. If just 2,000 class members received those same 25 emails, the amount in controversy would be at least $25,000,000 (2,000 class members x 25 emails x $500 in damages). Even if just 2,000 class members received

---

[1]     The named plaintiff in a putative class action cannot stipulate, prior to certification, that the entire class will not seek aggregated recovery in excess of $5 million, because the named plaintiff cannot bind absent putative class members. *Rodriguez*, 728 F.3d at 978 (citing *Standard Fire*, 568 U.S. 588).

NOTICE OF REMOVAL TO FEDERAL COURT – 7
Case No. 2:26-cv-02463

BALLARD SPAHR LLP
71 STEVENSON ST., SUITE 400
SAN FRANCISCO, CA 94105
415.318.2770 FAX: 424.731.8301

just six of those emails, the amount in controversy would be at least $6,000,000 (2,000 class members x six emails x $500 in damages). If just 2,000 class members received at least 1,000 of the "thousands" of allegedly violative emails Plaintiff claims to have received from Cole Haan in the last four years (*id.* ¶¶ 34–35), the amount in controversy would be $1,000,000,000 (2,000 class members x 1,000 emails x $500 in damages).

23.     Plaintiff also seeks attorneys' fees and costs. *Id.* ¶¶ 5, 74, Prayer for Relief (H). Attorneys' fees should also be included in connection with the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Although Cole Haan denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25 percent of the common fund). Assuming the amount in controversy were $5 million, an award of 25 percent attorneys' fees based upon such amount would be an additional $1.25 million. This amount further increases the amount in controversy above CAFA's threshold.

24.     Based on Plaintiff's factual allegations, and the damages, fees, and costs sought in the Complaint, Cole Haan has shown by a preponderance of the evidence that the jurisdictional amount of $5 million is satisfied. *Rodriguez*, 728 F.3d at 976–77.

## IV.    NO CAFA EXCEPTIONS APPLY

25.     The State Court Action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("the party seeking remand bears the burden to prove an exception to CAFA's jurisdiction").

## V.    ALL OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

26.     *Signature*. This Notice is signed as required by Rule 11. *See* 28 U.S.C. § 1446(a).

27.     *Venue*. Venue is proper in this district and division because King County Superior Court is located within the federal Western District of Washington, and this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

BALLARD SPAHR LLP
71 STEVENSON ST., SUITE 400
SAN FRANCISCO, CA 94105
415.318.2770 FAX: 424.731.8301

28.    *Timely*. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of the date on which service was effectuated—namely, June 12, 2026. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding thirty-day removal deadline is triggered by actual service of the complaint).

29.    *Notice*. Further, notice of this removal will be filed with the Clerk of the King County Superior Court and will be given to all parties in accordance with 28 U.S.C. § 1446(a). As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court," and Plaintiff has been served with all filings.

## VI.    CONCLUSION

30.    Defendant Cole Haan requests that the State Court Action now pending against it in the Superior Court of Washington, County of King, be removed to this Court.


DATED: July 13, 2026


BALLARD SPAHR LLP

By:    _s/ Meegan B. Brooks_
Meegan B. Brooks, WSBA No. 62516
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone: 415.318.2772
brooksm@ballardspahr.com

*Attorneys for Defendant Cole Haan LLC*

NOTICE OF REMOVAL TO FEDERAL COURT – 9
Case No. 2:26-cv-02463

BALLARD SPAHR LLP
71 STEVENSON ST., SUITE 400
SAN FRANCISCO, CA 94105
415.318.2770 Fax: 424.731.8301