FILED
2026 JUN 10 11:07 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-18797-5 SEA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| MITCHELL J. DAVIS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COLE HAAN LLC, a Delaware limited liability company, <br><br> Defendant. | NO. <br><br> **CLASS ACTION COMPLAINT** |

COMES NOW the Plaintiff, Mitchell J. Davis, on behalf of himself and all others similarly situated, by and through undersigned counsel, and for causes of action against the above-named Defendant COLE HAAN LLC ("Defendant"), and makes the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

## NATURE OF THE ACTION

1. Defendant advertises and sells footwear, clothing, bags, and accessories through its website, www.colehaan.com, including in the State of Washington. Defendant also sells its products at physical retail stores throughout the United States, including at a store in Tulalip, Washington.

CLASS ACTION COMPLAINT - 1

MᴄNᴀᴜʟ Eʙᴇʟ ᴘʟʟᴄ
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

2.      This class action complaint concerns Defendant's pattern and practice of sending commercial emails to Washington residents that contain false or misleading information in the subject lines.

3.      For years, Defendant has used email subject lines to tout its limited-time sales, inducing customers to purchase items out of fear that they might miss an unusually good deal. The company uses subject lines to warn its customers of the time remaining to avail themselves of the promotion.  Then, after the purported end date passes, the company sends an email announcing that the promotional period has been "extended." In reality, the company always planned for the sale to continue during the advertised extension.

4.      This deceptive practice violates the Washington Consumer Electronic Mail Act ("CEMA"), which prohibits transmission of commercial emails containing false or misleading information in the subject line to Washington residents.  RCW 19.190.020(1)(b); *Brown v. Old Navy, LLC*, 567 P.3d 38, 42 (Wash. 2025).  And "[a] violation of CEMA's e-mail regulations is a per se violation of the Consumer Protection Act (CPA)." *Brown*, 567 P.3d at 42.  "Per se CPA violations are predicated on the Legislature's recognition that certain conduct is categorically against the public interest." *Id.* (quotation omitted).

5.      Plaintiff brings this action as a class action on behalf of himself and other Washington residents who received Defendant's false and misleading emails.   Plaintiff's requested relief includes an injunction to end these practices, an award to Plaintiff and class members of statutory damages for each illegal email, and an award of attorneys' fees and costs.

## PARTIES

6.      Plaintiff is a citizen of Washington State and resides in Benton County.

7.      Defendant is a Delaware limited liability company with its principal place of business in New Hampshire.  Defendant manufactures, markets, advertises, and distributes products under the Cole Haan brand and on the Cole Haan website throughout the United States, including in the State of Washington.   Defendant also operates a physical retail store in

CLASS ACTION COMPLAINT - 2

Snohomish County. Defendant is and has been engaged in substantial business activities in the State of Washington, including in King County.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction over this civil action under, without limitation, Section 6 of Article IV of the Washington State Constitution (Superior Court jurisdiction, generally), RCW 19.86.090 (Superior Court jurisdiction over Consumer Protection Act claims), and RCW 19.190.090 (Superior Court jurisdiction over Commercial Electronic Mail Act claims).

9.      This Court has personal jurisdiction over Defendant under RCW 4.28.185. This Court may exercise personal jurisdiction over Defendant as an out-of-state defendant because the claims alleged in this civil action arose from, without limitation, Defendant's transmission of commercial electronic mail messages to consumers within the State of Washington. In addition, Defendant intended, knew, or is chargeable with the knowledge that its out-of-state actions would have a consequence within Washington. In addition, Defendant transacts business within the State of Washington by operating a physical retail store in Snohomish County.

10.      This Court also has personal jurisdiction over Defendant under RCW 19.86.160. For example, and without limitation, Defendant engaged and is continuing to engage in conduct in violation of RCW 19.86 that has had and continues to have an impact in Washington.

11.      Venue is proper in King County Superior Court because, at all relevant times, Defendant has transacted business in King County, including without limitation by causing its website to be available to consumers in King County, selling products to residents of King County both online and at its physical retail store, and transmitting commercial electronic email messages to residents of King County. RCW 4.12.025.

CLASS ACTION COMPLAINT - 3

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

## FACTUAL ALLEGATIONS

**A. Under CEMA, it is a per se violation of the CPA to initiate (or conspire to initiate) the transmission of commercial emails with false or misleading information in the subject line to Washington residents.**

12.     It is a violation of CEMA to "initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that . . . [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b). As the Washington Supreme Court recently explained, "CEMA protects consumers by requiring that commercial e-mails communicate honestly about the terms of a given promotion or sale in the subject line." *Brown v. Old Navy, LLC*, 567 P.3d 38, 47 (Wash. 2025).

**B. Defendant initiates (or conspires to initiate) the transmission of commercial emails with false or misleading information in the subject line to Washington residents.**

13.     Defendant has initiated (or conspired to initiate) the transmission of commercial electronic mail messages with various types of false or misleading subject lines to Plaintiff and members of the Class.

14.     For example, Defendant's false or misleading subject lines often describe a specific, limited-time promotion that is not, in fact, limited to the timeframe described in the subject line. They also misrepresent the end date for the promotion, tricking consumers into thinking the promotion will end sooner than it actually will. In each case, the subject line conveys an objective statement of fact that is false or misleading and that Defendant intends for Washington residents to rely on in making consumer purchasing decisions.

15.     This marketing tactic involves a fundamental misrepresentation of fact regarding the duration of a promotion. Federal Trade Commission (FTC) regulations prohibit this practice, stating that sellers may not "make a 'limited' offer which, in fact, is not limited." 16 C.F.R. § 233.5.

CLASS ACTION COMPLAINT - 4

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

16.    The clear purpose of this tactic is to grab the consumer's attention and induce her immediate action to secure savings that, it appears, will not be available beyond a specific window of time.  Research indicates that limited-time discounts create a sense of urgency that changes consumer decision making, including by persuading customers to purchase items sooner than they otherwise would, purchase more or different items than they otherwise would, or forego comparison shopping.  Defendant's subject lines tap into these well-known psychological effects and influence consumer behavior in a deceitful way.

17.    For example, on May 29, 2023, which was Memorial Day, Defendant sent an email with the subject line, "!! Final hours !! Extra 15% off orders of $150+."  By stating that this specific promotion was in its "Final hours" on May 29, 2023, Defendant created a sense of urgency and tapped into the well-known consumer desire to get an unusual deal before it is gone.  But that subject line was false and misleading.  The next day (May 30, 2023), Defendant sent another email with the subject line, "Memorial Day Event EXTENDED with new markdowns."  The second email subject line demonstrates the falsity of the first one, laying bare the company's intention to distort the consumer's belief regarding the time for securing the discount.  The subject line of the email Defendant sent on May 29, 2023, was false and misleading because Defendant knew (or should have known) at that time that May 29, 2023, was not the final day of the sale and, instead, that the sale would be extended until the following day.  Likewise, the subject line of the May 30, 2023, email was false and misleading because the sale was not actually extended on that day, as Defendant always planned for the sale to continue until that day.

18.    The chart below shows a series of emails transmitted by Defendant following this pattern:

| Date | Subject Line |
|---|---|
| 11/28/2022 | Cyber Monday \| Last Chance! |
| 11/29/2022 | Extended one day only! |
| 12/20/2022 | Up to 60% off during our 72-Hour Sale |
| 12/21/2022 | Only 48 hours left to save up to 60% off |
| 12/22/2022 | Last day to save up to 60% off gifts |
| 12/23/2022 | Extended! One day only |

CLASS ACTION COMPLAINT - 5

| | |
|---|---|
| 5/27/2023 | This weekend only! Enjoy 15% off orders of $150+ |
| 5/28/2023 | 24 hours left: EXTRA 15% off orders of $150+ |
| 5/29/2023 | ‼️ Final hours‼️ Extra 15% off orders of $150+ |
| 6/19/2023 | 24 hours left to save up to 40% off |
| 6/20/2023 | One MORE day to save up to 40% off men's styles |
| 10/8/2023 | 48 HOURS LEFT: Shop The Fall Event now |
| 10/10/2023 | SALE EXTENDED: Up to 50% off for one more day! |
| 5/28/2024 | Hours left: Up to 50% + 15% off $150+ |
| 5/29/2024 | Extended: Up to 50% off ends tonight |
| 7/4/2024 | Only 48 hours left: Up to 50% off + extra 20% |
| 7/6/2024 | SALE EXTENDED: Up to 50% off + extra 20% off |
| 10/13/2024 | 48 hours left: Up to 50% off ends soon |
| 10/14/2024 | Only hours left: Last call for up to 50% off |
| 10/15/2024 | Extended: One more day to save up to 50% off |
| 1/26/2025 | 48 hours left: Shop the End of Season Sale ASAP |
| 1/27/2025 | Urgent! Final hours to shop End of Season Sale |
| 1/28/2025 | SALE EXTENDED \| One day to snag the season's best prices |
| 10/14/2025 | Final hours: Up to 50% off + extra 20% off |
| 10/15/2025 | Up to 50% off + extra 20% off—Now extended |

19.     In some cases, images and text in the bodies of Defendant's emails establish the false and misleading nature of the subject lines. For example, the body of the December 22, 2022, email referenced in the chart above states that it is the "LAST DAY TO SAVE" on gifts up to 60% off.



CLASS ACTION COMPLAINT - 6

McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

20.    The body of the December 23, 2022, email demonstrates the falsity of the representations in the December 22, 2022, email, including in the subject line, by stating that the same promotion had been "EXTENDED 1 MORE DAY."



21.    Defendant's frequent announcement of promotions that are purportedly scheduled for a set amount of time, followed by "surprise" extensions just hours later, is more likely the product of careful advance planning than late-night iteration.  Sophisticated online retailers such as Defendant typically create marketing plans that set the cadence and content of marketing emails in advance, rather than iterating on the duration of a promotion hours after launching it or in the late hours of the day.  Based on a publicly posted job description for the CRM Director role at Cole Haan, Defendant's marketing team uses "A/B testing and other experiments" to enhance the effectiveness of its email marketing campaigns.  In general, A/B testing enables retailers to quantify the effectiveness of particular marketing techniques, including email subject lines touting time-limited promotions and purported last-minute "extensions" of those promotions.  Defendant likely would not use this marketing tactic, or at least would use it less frequently, if it were not successful in generating sales, as suggested by

CLASS ACTION COMPLAINT - 7

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

the company's reliance on marketing analytics. Defendant's frequent use of this tactic suggests Defendant has conducted A/B testing of these email subject lines and determined that this tactic increases sales, which in turn will show that representations of fact in an email subject line regarding the expiration or extension of limited-time promotions are the among the type of "facts Washington residents would depend on in making their consumer decisions." *Brown v. Old Navy, LLC*, 567 P.3d 38, 47 (Wash. 2025).

22.    In some cases, the timing of Defendant's marketing emails excludes any reasonable possibility that Defendant extended the period for a specific promotional offer on an ad hoc, last-minute basis in response to business conditions or performance targets. For example, Defendant sent an email with a subject line stating "Cyber Monday | Last Chance!" on Monday, November 28, 2022 (i.e., Cyber Monday 2022), at 7:14 pm ET. The next morning, on November 29, 2022, at 10:12 am ET, Defendant sent an email with a subject line stating: "Extended one day only!" Similarly, Defendant sent an email with a subject line stating "Only hours left: Last call for up to 50% off" on October 14, 2024, at 8:16 pm ET. The next day, on October 15, 2024, at 12:20 pm ET, Defendant sent an email with a subject line stating "Extended: One more day to save up to 50% off." It is not likely that Defendant made an ad hoc business decision during the overnight hours to extend the promotional period. This is particularly unlikely given Defendant's carefully planned and cross-functional approach to promotional activity, as stated in Defendant's job description for the CRM Director position.

23.    Separately, the stated expiration dates of Defendant's limited-time sales also expose the falsity of its subject lines. In some cases, Defendant's purported "extension" is preordained based on the expiration date in the fine print of the body of its email. For example, on Saturday, May 27, 2023, Defendant sent an email with the subject line "This weekend only! Enjoy 15% off orders of $150+." The body of the email contains the following terms: "Enter code SAVE at checkout to redeem 15% off purchases of $150 USD or more from 5/26 at 6am - 5/30 at 6am." Thus, the expiration date of this "weekend only" promotion was, in reality, on

CLASS ACTION COMPLAINT - 8

Tuesday, May 30, 2023.  On Sunday, May 28, 2023, Defendant sent an email with the subject line "24 hours left: EXTRA 15% off orders of $150+."  The body of the email stated that this specific promo would be available through Tuesday, May 30.  Again, the subject line falsely represented that the sale would end earlier than the actual expiration date stated in the body of the email.  Thus, Defendant always planned for this specific promotion to end on Tuesday, May 30, but repeatedly used its email subject lines to make false and misleading statements about the end date.  This pattern establishes the falsity of (a) the subject line stating that the promotion was available "this weekend only" (it was never supposed to end that weekend), and (b) the subject line stating that there were "24 hours left" to take advantage of the promotion (more than 40 hours remained).

24.     The emails at issue are electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Defendant also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

25.     The emails at issue are commercial in nature in that the purpose of the emails is to promote goods for sale by Defendant and induce consumers into making purchases from Defendant.

26.     The emails were sent at Defendant's direction and were approved by Defendant.

**C. Defendant initiates (or conspires to initiate) the transmission of commercial emails to consumers whom it knows or has reason to know reside in Washington.**

27.     Defendant sent the false or misleading commercial emails to email addresses that Defendant knew or had reason to know were used by Washington residents.

28.     Defendant knows where many of its customers and email recipients reside through several methods.

CLASS ACTION COMPLAINT - 9

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

29.    For any person who places an order online from Defendant, Defendant associates an email address with a shipping address and a billing address for that order. Thus, Defendant's online order records allow it to determine whether an email address is associated with a Washington resident.

30.    Defendant also encourages online shoppers to create online accounts. Customers save information in their accounts, including their email address, shipping addresses, billing addresses, and phone numbers.

31.    Defendant also operates a physical retail store in Tulalip, Washington. On information and belief, for any customer who makes an in-store purchase at the Tulalip location, Defendant may request and record the customer's email address at the point of sale, associate it with the store location where the transaction occurred, and use that information for future marketing. Defendant therefore knows or has reason to know when an email address is associated with a customer who shopped at its Washington retail location and, accordingly, that the address likely belongs to a Washington resident.

32.    Defendant also knew or had reason to know that it sends marketing emails to Washington residents based on data it collects and uses in connection with its marketing operations.  Defendant's publicly posted Privacy Policy discloses that it collects IP addresses and internet activity data from its website visitors and email recipients, and that it shares this data with marketing providers and analytics providers.  The same policy identifies precise geolocation as a recognized category of personal data.  These disclosures establish that Defendant had the technical means and operational practices to determine that Plaintiff's email address was held by a Washington resident.

**D.  Defendant initiated (or conspired to initiate) the transmission of illegal emails to Plaintiff and the class.**

33.    At all times relevant to this Complaint, Plaintiff resided in Washington State.

CLASS ACTION COMPLAINT - 10

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

34.    Plaintiff has received Defendant's commercial electronic mail messages since December 2021.

35.    Plaintiff has received thousands of marketing emails from Defendant since that time.  He typically receives marketing emails from Defendant on a daily basis.  During peak shopping periods, he receives multiple emails a day.

36.    Defendant knew or had reason to know that Plaintiff's email address was held by a Washington resident.  On multiple occasions, Plaintiff used his email address to place an online order using Defendant's website.  Plaintiff received email order confirmations from Defendant for each order, and each confirmation email identified Plaintiff's billing and shipping addresses in Washington.  Thus, Defendant knew that Plaintiff's email address belonged to a Washington resident.

37.    Plaintiff does not want to receive emails with false and misleading subject lines from Defendant, though he would like to continue receiving truthful information from Defendant regarding its products.  However, due to Defendant's conduct, Plaintiff cannot tell which emails from Defendant contain truthful information and which emails are spam with false and misleading information designed to spur him to make a purchase.

38.    Plaintiff continues to receive emails with false and misleading subject lines. Defendant is aware of all the emails it has sent to Plaintiff, and discovery will show the full number of illegal spam emails Defendant has sent throughout the relevant period.

## CLASS ACTION ALLEGATIONS

### Class Definition

39.    Pursuant to CR 23, Plaintiff brings this case as a class action on behalf of a Class defined as:

> All Washington residents who, within four years before the date of the filing of this action until the date of trial, received an email from or at the behest of Defendant that contained a subject line that (a) states or implies that a particular promotion will be available for a specified period of time when the actual period for the sale is longer, or (b) states that the time period for a promotion has been

CLASS ACTION COMPLAINT - 11

McNaul Ebel pllc
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

extended when Defendant previously intended for the sale to continue to that date.

40.     The following people are excluded from the proposed Class: (1) any Judge presiding over this action and the members of the Judge's family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released.

**Numerosity and Ascertainability**

41.     The Class is so numerous that joinder of all members is impracticable.

42.     On information and belief, the Class has thousands of members, based on the population of Washington and Defendant's national footprint.

43.     The disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

44.     On information and belief, Class members can be identified through Defendant's records, including sales records, account records, customer profiles, and email recipient lists.

**Commonality and Predominance**

45.     There are numerous questions of law and fact common to Plaintiff and members of the Class.

46.     The core of this case is Defendant's standard and established practice of initiating commercial emails with false or misleading subject lines to consumers residing in the State of Washington. The common factual and legal issues arising from this conduct predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

47.     Common questions of law and fact include, but are not limited to: (a) whether the subject lines of the specified emails were false or misleading; (b) whether all individuals on

CLASS ACTION COMPLAINT - 12

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

Defendant's email list received the emails; (c) whether Defendant initiated the transmission or conspired to initiate the transmission of commercial electronic mail messages to recipients residing in Washington State in violation of RCW 19.190.020; (d) whether Plaintiff and the proposed Class are entitled to an injunction enjoining Defendant from sending the unlawful emails in the future; and (e) the nature and extent of classwide injury and damages.

### Typicality

48.     Plaintiff's claims are typical of the claims of the Class.

49.     Plaintiff, like the members of the Class, resided in Washington when he received the emails at issue.

50.     Plaintiff's claims, like the claims of the Class, arise out of a common course of conduct by Defendant.  Plaintiff and all Class members suffered the same injury insofar as they received at least one email with a false or misleading subject line.

51.     The legal arguments and remedial theories bearing on Plaintiff's claims are typical of the claims of other putative class members.

### Adequacy

52.     Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and class actions involving violations of Washington's consumer protection statutes. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with the interests of the proposed Class.

### Superiority

53.     Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters future illegal activity.  Class adjudication would

CLASS ACTION COMPLAINT - 13

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

serve the interests of individual class members, who would have little incentive to pursue their claims separately because any individual recovery would be small in comparison to the costs of litigation.

54.    This is an appropriate forum for concentrating the claims of the members of the Class, who are Washington consumers.

55.    It will be feasible to manage this case as a class action.

***Injunctive Relief***

56.    Defendant's conduct is uniform as to all members of the Class.  Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.  Plaintiff further alleges, on information and belief, that the emails described in this complaint are substantially likely to continue in the future if an injunction is not entered.

<u>**CLAIMS FOR RELIEF**</u>
**COUNT I**
**Violations of Washington's Commercial Electronic Mail Act, RCW 19.190 *et seq.***
**On behalf of Plaintiff and the Proposed Class**

57.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

58.    Washington's CEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or conspiring to initiate the transmission of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows or "consciously avoids knowing" is held by a Washington resident that contains false or misleading information in the subject line.

59.    Defendant is a "person" within the meaning of the CEMA, RCW 19.190.010(11).

CLASS ACTION COMPLAINT - 14

MᴄNᴀᴜʟ Eʙᴇʟ ᴘʟʟᴄ
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

60.    Defendant's acts and omissions violated RCW 19.190.020(1)(b).  As described in detail above, Defendant initiated the transmission or conspired to initiate the transmission of one or more commercial electronic mail messages to Plaintiff and proposed Class members with false or misleading information in the subject line.  In particular, these emails contained subject lines describing specific, limited-time promotions that were not, in fact, limited to the timeframe described in the subject line.  The subject lines also misrepresented the end dates for the promotions, tricking consumers into thinking the promotion would end earlier than Defendant planned them to.  In each case, these subject lines conveyed objective statements of fact regarding the duration or availability of a promotion that were false or misleading and that Defendant intended for Washington residents to depend on in making consumer purchasing decisions.

61.    Defendant's acts and omissions injured Plaintiff and proposed Class members.

62.    The balance of the equities favors the entry of permanent injunctive relief against Defendant.  Plaintiff, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant.  A permanent injunction against Defendant is in the public interest.  Defendant's unlawful behavior is, based on information and belief, ongoing as of the date of the filing of this pleading; absent the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

63.    Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).

**COUNT II**
**Per se violations of Washington's Consumer Protection Act, RCW 19.86 *et seq.***
**On Behalf of Plaintiff and the Proposed Class**

64.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

65.    Plaintiff and Class members are "persons" within the meaning of the CPA, RCW 19.86.010(1).

CLASS ACTION COMPLAINT - 15

66.    Defendant violated the CEMA by initiating or conspiring to initiate the transmission of a commercial electronic mail messages to Plaintiff and Class members that contain false or misleading information in the subject line.

67.    A violation of CEMA is a per se violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.*; RCW 19.190.030.

68.    A violation of CEMA establishes all five elements of a CPA claim as a matter of law.

69.    Defendant's violations of CEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100.

70.    Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100.

71.    Pursuant to RCW 19.190.040(1), damages to each recipient of a commercial electronic mail message sent in violation of CEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. *Wright v. Lyft, Inc.*, 406 P.3d 1149, 1155 (Wash. 2017).

72.    As a result of Defendant's acts and omissions, Plaintiff and Class members are entitled to $500 in statutory damages for each and every email that violates the CEMA.

73.    Defendant engaged in a pattern and practice of violating CEMA.

74.    Plaintiff and Class members are entitled to recover reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.

75.    Plaintiff and members of the Class are also entitled to, and do seek, injunctive relief prohibiting Defendant from violating the CPA in the future.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf and on behalf of the members of the Class, seeks judgment against Defendant and requests that the Court:

A.    certify the asserted claims, or the issues raised, as a class action;

CLASS ACTION COMPLAINT - 16

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

B.    appoint Plaintiff as Class Representative;

C.    appoint the undersigned counsel as counsel for the Class;

D.    enter declaratory, equitable, and/or injunctive relief as permitted by law to ensure Defendant does not continue to engage in the unlawful conduct described in this Complaint, and an accompanying order that the Court retain jurisdiction for a period of at least six months to ensure that Defendant complies with those measures;

E.    enter an order to ensure that Defendant is restrained from altering, deleting, or destroying any documents or records that could be used to identify members of the Class;

F.    award statutory damages where applicable;

G.    award pre- and post-judgment interest;

H.    award reasonable attorneys' fees and costs, as allowed by law, including but not limited to RCW 19.86.090; and

I.    award any other relief the Court deems just or reasonable under the circumstances.

Dated: June 10, 2026                    Respectfully submitted,

MCNAUL EBEL PLLC

By: */s/ Kaleigh N. Boyd*

Kaleigh N. Boyd (WSBA No. 52684)
600 University Street, Suite 2700
Seattle, WA 98101
Tel: 206-467-1816
Fax: 206-624-5128
Email: kboyd@mcnaul.com

Edwin J. Kilpela, Jr. (*pro hac vice* forthcoming)
WADE KILPELA SLADE LLP
6425 Living Place, Suite 200
Pittsburgh, PA 15206
Tel: 412-314-0515
Email: ek@waykayslay.com

Evan E. North (*pro hac vice* forthcoming)
NORTH LAW PLLC

CLASS ACTION COMPLAINT - 17

1900 Market Street, Suite 800
Philadelphia, PA 19103
Tel: 202-921-1651
Email: evan@northlawpllc.com

*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT - 18

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816